IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| TRACEY HARRIS COOMER, TDCJ-CID No. 01473063, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:18-CV-165-Z-BR |
| DR. WARNER B. MASSEY, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed September 5, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

By his Complaint, Plaintiff alleges that on May 24, 2016, Defendant Massey took away his medical restrictions without a medical basis, cancelled pain medications, and assaulted Plaintiff during a physical exam. *See* ECF No. 3, at 5. Plaintiff alleges Defendants Melton, John Doe No. 1, and Jane Doe No. 1 fabricated facts during the grievance and investigation process, and Defendant Markgraf failed to properly investigate the incident of assault by Dr. Massey. *See id.*, at 4. Plaintiff also alleges Defendant Leeah deferred his medical treatments on some occasions. *Id.*

at 5. Also, Plaintiff alleges that John Doe No. 2 and Jane Doe No. 2 of the classification unit approved a job change that did not consider his medical restrictions. *See id.* Finally, Plaintiff alleges John Doe No. 3 removed all of Plaintiff's medical restrictions without proper authority. *See id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

Plaintiff brought his suit over two years after the alleged assault and subsequent failure to investigate by Dr. Massey and other Defendants. Thus, Plaintiff's claims are **DISMISSED** as time barred. *See Evans v. Fed. Bureau of Prisons*, No. 3:18-CV-1104-C-BN, 2018 WL 2745260, at *1 (N.D. Tex. May 1, 2018), *report and recommendation adopted*, No. 3:18-CV-1104-C-BN, 2018

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

WL 2744902 (N.D. Tex. June 7, 2018) ("If 'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." (citing *Wilson v. U.S. Penitentiary Leavenworth*, 450 Fed. Appx. 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)))). Courts "may raise the defense of limitations *sua sponte*," and, "where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed under 28 U.S.C. § 1915(e)(2)(B)." *See Meriwether v. ABC Training/Safety Council Tex. Gulf Coast Chapter*, No. 3:15-CV-862-N-BH, 2016 WL 8711726, at *2 (N.D. Tex. Oct. 24, 2016) (citations and brackets omitted), rec. accepted, 2016 WL 871279 (N.D. Tex. Nov. 18, 2016).

To the extent that any delayed medical appointments by Defendant Leeah, any cancellation of medical restrictions by John Doe No. 3, or any work reassignment by John Doe No. 2 or Jane Doe No. 2, occurred during the allowable time period for suit, Plaintiff has failed to allege deliberate indifference, rather than negligence. A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Reeves v. Collins*, 27 F.3d 174,

176–77 (5th Cir. 1994)). Unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added). Plaintiff's Complaint does not state a claim for deliberate indifference. Thus, these claims are also **DISMISSED**.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

June 14, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE