IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRACEY HARRIS COOMER, | § | |
| | § | |
| Plaintiff, | § | 2:18-CV-165-Z-BR |
| | § | |
| v. | § | |
| | § | |
| WARNER B. MASSEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS UNSERVED DEFENDANT

Plaintiff Tracey Harris Coomer ("Plaintiff") brings this civil rights action against several Defendants whom he claims violated his constitutional rights. (ECF 3). Plaintiff initially filed his complaint in late 2018. (ECF 1). As of today, Plaintiff has failed to effect service on Defendant Warner B. Massey or the Estate of Warner B. Massey or show cause why Defendant Warner B. Massey and/or the Estate of Warner B. Massey should not be dismissed.

On November 1, 2023, the Court entered an Order to Issue Process and Effect Service on Defendant Massey. (ECF 50). By that Order, the United States Marshal's Service attempted to serve Defendant Massey at his last known address. (*Id.*) The summons was returned unexecuted as to Defendant Massey. As a result, on December 22, 2023, the undersigned entered an Order directing Plaintiff to either (1) provide an address for service upon Defendant Massey (different from the one where the USMS had previously attempted service), (2) or provide some evidence that Defendant Massey is deceased and if he is in fact deceased to provide a service address for a representative of the Estate of Warner B. Massey. (ECF 57). Plaintiff failed to provide a service address for Defendant Warner B. Massey, failed to offer any evidence of Warner B. Massey's death, and failed to provide an address for a representative of the Estate of Warner B. Massey.

Based on the foregoing, Plaintiff has been given ample time to effect service on Defendant Warner B. Massey, as a living person if he is still alive, or the Estate of Warner B. Massey, if he is deceased. During that time, Plaintiff failed provide an address for service, or show cause why Defendant Massey (living or deceased) should not be dismissed. Accordingly, Plaintiff's claims against Defendant Warner B. Massey and the Estate of Warner B. Massey should be dismissed from this action for failure to serve.

It is appropriate to dismiss a Defendant from a case when Plaintiff has failed to effectuate service within 120 days of filing the Complaint. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). To date, Plaintiff still has not served Warner B. Massey or the Estate of Warner B. Massey, despite the Court allowing the USMS to serve Defendant Warner B. Massey on his behalf at Defendant Massey's last known address, and also giving Plaintiff a chance to locate Defendant Massey himself. Therefore, Defendant Warner B. Massey and the Estate of Warner B. Massey should be dismissed from this action.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Warner B. Massey and the Estate of Warner B. Massey be dismissed from this action, without prejudice, for failure to effect service.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 2, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).