IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRACEY HARRIS COOMER, | § | |
| | § | |
| Plaintiff, | § | 2:18-CV-165-Z-BR |
| | § | |
| v. | § | |
| | § | |
| WARNER B. MASSEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS UNSERVED DEFENDANT**

Plaintiff Tracey Harris Coomer ("Plaintiff") brings this civil rights action against several Defendants for alleged violations of his constitutional rights. (ECF 3, 42). Plaintiff initially filed his Complaint in late 2018. (ECF 3). He later filed his Amended Complaint on August 28, 2023. (ECF 42). Plaintiff has failed to effect service on Defendant Brian Norkiewicz or show cause why Norkiewicz should not be dismissed.

On July 31, 2024, the Court entered an Order to Issue Process and Effect Service on Norkiewicz. (ECF 90). By that Order, the Court ordered the United States Marshal's Service ("USMS") to attempt to serve Norkiewicz at the addresses provided to the Court by Plaintiff. (*Id.*). On August 20, 2024, the summons was returned unexecuted. (ECF 82). As a result, on August 21, 2024, the undersigned entered an Order directing Plaintiff to provide another potential service address for Norkiewicz (different from the addresses where the USMS had previously attempted service) by September 11, 2024. (ECF 83). As of the date of this Order, Plaintiff has failed to either provide a service address for Norkiewicz or show cause why Norkiewicz should not be dismissed in accordance with the Court's August 21, 2024, Order.

Plaintiff has been given ample time to comply with the Court's August 21 Order, but has

failed to respond. Accordingly, Plaintiff's claims against Norkiewicz should be dismissed from this action for failure to serve.

Pursuant to Fifth Circuit precedent, it is appropriate to dismiss a defendant from a case when a plaintiff has failed to effectuate service within 120 days of filing the Complaint. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). To date, Plaintiff still has not served Norkiewicz or provided a valid address for service. Therefore, Norkiewicz should be dismissed from this action.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Defendant Brian Norkiewicz be dismissed from this action, without prejudice, for failure to effect service.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 16, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See*

28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).