IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRACEY HARRIS COOMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 2:18-CV-165-Z-BR |
| v. | § | |
| | § | |
| WARNER B. MASSEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS UNIDENTIFIED DEFENDANTS

On April 19, 2024, the Court ordered Plaintiff Tracey Harris Coomer ("Coomer") to provide the names of four unidentified or misidentified defendants that he is attempting to sue. (ECF 66). In response, Coomer identified one John Doe defendant only. For the reasons stated below, the Magistrate Judge recommends that the remaining unidentified/misidentified defendants be DISMISSED.

### I. Factual Background

Coomer brought this Section 1983 action alleging Eighth Amendment violations stemming from: (1) improper medical care; (2) failure to protect; and (3) failure to properly investigate his grievances and reports related to his medical care. (ECF 42). Coomer's Amended Complaint alleges claims against two John/Jane Doe Defendants: John Doe (Montford Medical Operating Doctor) ("John Doe") and Jane Doe #I-0273 ("Jane Doe"). (*Id.*).

On April 19, 2024, the Court ordered Coomer, by May 29, 2024, to either identify the Doe defendants or provide other identifying information, such as a physical description, to aid the Court in identifying them. (ECF 66). The Court further notified Coomer that named defendants Texas Tech University Health Care Center Board" and "TDCJ Health Service Division" (collectively,

the "Non-Jural Entities") were not entities capable of being sued under federal law and instructed Coomer to name proper institutional defendants, also by May 29, 2024. (*Id*.). At that time, Coomer was warned that failure to comply with the order would result in a recommendation that the district judge dismiss these defendants. (*Id*.).

On May 28, 2024, Coomer named Dr. Brian Norkiewicz as John Doe, but stated that he was awaiting a response to discovery requests before he could identify Jane Doe. (ECF 70). Also on May 28, 2024, Coomer requested an extension of time to identify Jane Doe. (ECF 71). The Court granted Coomer's motion and extended the deadline to July 1, 2024. (ECF 72). The Court again warned Coomer that failure to comply could result in dismissal of the defendant. Since that time, Coomer has identified no additional defendants pursuant to the April 19 order, nor has he sought an extension of time in which to do so. Because Coomer has failed to properly identify Jane Doe and the Non-Jural Entities, the Magistrate Judge recommends dismissing these defendants.

## II. LEGAL ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time…

Coomer's initial complaint was filed on September 5, 2018. (ECF 3). However, out of an abundance of caution and due to the procedural history of this case, the Court will deem the Rule 4(m) clock as starting on April 29, 2024, which is the date the Court first ordered Coomer to properly identify the Doe defendants and the Non-Jural Entities. Therefore, Coomer's deadline to identify these defendants pursuant to Rule 4(m) was July 28, 2024. The Federal Rules of Civil Procedure "do not authorize [a plaintiff] to maintain suit indefinitely against a fictitious defendant" such as a Jane Doe. *Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2017 WL 930829, at *10 (N.D.

Tex. Mar. 9, 2017) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1321, at 382 (3d ed. 2004 & Supp. 2016)). Plaintiffs, even those proceeding *pro se*, have a "duty to provide information sufficient to identify the defendants." *Sorrell v. Dallas, TX Bridge Shelter*, No. 3:08-CV-1065-G-BH, 2008 WL 3915347, at *1 (N.D. Tex. Aug. 25, 2008) (citing *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex.1986)). Coomer is far past his Rule 4(m) deadline to serve these defendants.

A.  **The Jane Doe Defendant.**

Although Rule 4(m) provides that the Court may order that service be made within a specific time, such order would be futile as to Jane Doe. Even if Coomer were to identify Jane Doe and seek leave to amend his pleadings, his claims against Jane Doe are barred by the statute of limitations. Although there is not a federal statute of limitations for Section 1983 claims, federal courts use the forum state's personal injury statute of limitations instead. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, which the Fifth Circuit applies to Section 1983 claims. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Coomer's injury occurred on May 24, 2016; as a result, his suit must have been filed by August 16, 2018, at the latest, after tolling for the pendency of the prison grievance process.[1] However, he did not file his initial complaint until August 30, 2018, under the prison mailbox rule, which deems filing to have occurred on the date the inmate places the complaint in the prison mail system. (ECF 3 at 8).

Rule 15 permits an amendment naming a party to relate back only if, among other

---

[1] Although the Fifth Circuit has held that tolling ends on the day an inmate's Step 2 grievance is denied, *Anderson v. Livingston*, 394 F. App'x 132 (5th Cir. 2010), Coomer alleges that the relevant date should be the date that he received notice of the denial. Even assuming that Coomer is correct for the purposes of this FCR, the statute of limitations was tolled for, at the most, a total of 84 days between the time Coomer filed his Step 1 grievance and the time he received notice that his Step 2 grievance was denied.

prerequisites, "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C). The Fifth Circuit has held that a proposed amendment naming previously unknown John Doe defendants does not relate back to the filing of the original complaint under Rule 15. *Jacobsen v. Osborne*, 133 F.3d 315, 321-22 (5th Cir. 1998). The court reasoned that, when a plaintiff lacks knowledge of a defendant's identity but later discovers the identity, there is no "mistake" permitting relation back under Rule 15. *Id.* at 321; *Balle v. Nueces Cnty.*, 952 F.3d 552, 557-58, 690 F. App'x 847 (5th Cir. 2017) (holding that plaintiff's amendment to name Jane Doe defendants did not relate back to the original complaint (citing *Jacobsen*, 133 F.3d at 321-22)); *see also Dacus v. Doe*, 2009 WL 1159265, at *2 (N.D. Tex. Apr. 29, 2009) ("Were Plaintiff to amend his complaint at the present time to identify the five John Doe Defendants, his amendment would not relate back to when he commenced this action[.]"). Accordingly, here, even if Coomer sought leave to substitute a named party for Jane Doe, this proposed amendment would not relate back under Rule 15 and his claims against Jane Doe would be barred.

Nor is there any basis for equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citations omitted). The Fifth Circuit has declined to apply equitable tolling where a plaintiff's "inability to determine the identities of [unnamed defendants] before the limitations period had run was attributable to his own decision to file his suit so close to the end of the limitations period." *Balle*, 952 F.3d at 558. Such is the case here. The doctrine to salvage Coomer's claims against Jane Doe, especially since Coomer still has

4

not identified Jane Doe. Coomer's failure to identify and serve her within the time limit prescribed by Rule 4(m) mandates dismissal of the Jane Doe defendant.

**B.      The Non-Jural Entities.**

Coomer also has failed to properly name the Non-Jural Entities. Under Federal Rule of Civil Procedure 17(b), in order to be sued, a "part[y] must have the capacity to sue or be sued." *See Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). The capacity of an entity is determined "by the law of the state where the court is located." *See* FED. R. CIV. P. 17(b). Under Texas law, "entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, 3:07CV-1476-M, 2007 WL 4403983, at * 2 (N.D. Tex. Dec. 17, 2007).

Specifically, Coomer attempts to sue "Texas Tech University Health Care Center Board" and "TDCJ Health Service Division." However, there is no indication that either defendant exists as an entity, or that, if they do, they are jural entities capable of being sued. Given that Texas Tech University Health Science Center and the Texas Department of Criminal Justice already have appeared in this case, it appears that the defendants that Coomer is seeking to name are already in the case and that the Non-Jural Entities should be dismissed due to the unnecessary redundancy. To the extent that he is attempting to sue completely different misnamed entities, they should be dismissed under Rule 4(m) for failure to serve by the 90-day deadline.

## RECOMMENDATION

For the reasons set forth above, the U.S. Magistrate Judge recommends that the Jane Doe defendant and Non-Jural Entities should be DISMISSED without prejudice pursuant to Rule 4(m).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 8, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).