IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRACEY HARRIS COOMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 2:18-CV-165-Z-BR |
| v. | § | |
| | § | |
| WARNER B. MASSEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants' Motion for Summary Judgment ("Motion") pursuant to FED R. CIV. P. 56(c). (ECF 69). After considering said Motion and Plaintiff's Response (ECF 76), and the applicable evidence, the Magistrate Judge recommends that the District Judge GRANT Defendants' Motion, as follows:

## I. BACKGROUND

Plaintiff Tracey Harris Coomer ("Coomer"), proceeding *pro se* and *in forma pauperis*, brought this Section 1983 action alleging Eighth Amendment violations stemming from: (1) improper medical care; (2) failure to protect; and (3) failure to properly investigate his grievances and reports related to his medical care. (ECF 42).

This case previously was dismissed as barred by the statute of limitations. (ECF 12). Coomer appealed the dismissal. On August 29, 2022, the Fifth Circuit vacated the dismissal and remanded the case, holding that further factual development was necessary to make a final decision on the limitations issue. (ECF 30-1). The Fifth Circuit believed that two issues were not evident on the face of the Complaint, thereby precluding dismissal of the case as frivolous pursuant to 42 U.S.C. § 1915: (1) whether the limitations period was tolled during the period that Coomer was

required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, to exhaust his administrative remedies; and (2) whether the "mailbox rule" affected the timeliness of Coomer's complaint. (*See id.*). Thereafter, Coomer filed his Amended Complaint, which relates back to the original filing date for the purpose of limitations. (ECF 42). In the Motion, Defendants reassert that Coomer's claims are barred by the statute of limitations and that his claims against the Texas Department of Criminal Justice ("TDCJ") and Texas Tech University Health Sciences Center ("TTUHSC") are barred by sovereign immunity. (ECF 76). Coomer disputes Defendants' position.

## II. LEGAL ANALYSIS

### A. Summary Judgment is Proper if No Genuine Dispute as to Any Material Fact.

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The nonmovant

then must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

Because he proceeds *pro se*, Coomer's pleadings are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, *pro se* parties must "still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. Nov. 10, 1999); *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.") (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

**B.      Sovereign Immunity.**

As a sovereign entity, a state may not be sued without its consent. Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

Coomer's claims against Defendants TDCJ and TTUHSC are without merit because they are simply another way of attempting to sue the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment "prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 980 (5th Cir. 1986). When a state agency is the named defendant, the Eleventh Amendment bars all suits against it, regardless of the relief sought. *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009). The Fifth Circuit has held that both TDCJ and TTUHSC are state agencies that enjoy immunity from suit in federal court. *Id.* at 902 (citing *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) ("The Eleventh Amendment cloaks Texas Tech University and Texas Tech University Health Sciences Center with sovereign immunity as state institutions.") (citing *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996)); *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1025 (5th Cir. 2022) ("Texas Tech University [is] an agency of Texas that enjoys sovereign immunity."). Accordingly, TDCJ's and TTUHSC's motion for summary judgment should be granted on sovereign immunity grounds.

**C.     Statute of Limitations.**

Defendants next allege that Coomer's claims are barred by the statute of limitations. The undisputed facts show the following relevant events and the dates they occurred:

| Date | Event | Record |
|---|---|---|
| May 24, 2016 | Doctor visit where injury occurred | ECF 76 at 24; ECF 69-2 at 10 |
| June 8, 2016 | Step 1 grievance filed | ECF 76 at 25 |
| August 9, 2016 | Step 2 grievance denied | ECF 76 at 28 |
| August 31, 2016 | Step 2 denial received by Coomer | ECF 76 at 5 |
| August 30, 2018 | Lawsuit filed under prison mailbox rule | ECF 3 at 8 |

The U.S. Supreme Court has determined that the forum state's personal-injury limitations

period applies to Section 1983 claims. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In Texas, the personal-injury limitations period is two years after the day the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Determining the date a claim accrues, however, is a question of federal law. *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). In general, a claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal citations and quotation marks omitted). Under federal law, the limitations period

> begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); *see also Coomer v. Roth*, No. 23-10845, 2024 WL 4100497 (5th Cir. Sept. 6, 2024) (same).

The undisputed facts show that Coomer visited Dr. Warner Massey ("Massey") on May 24, 2016. (ECF 76 at 24; 69-2 at 8, 10-11). At that time, Coomer alleges, Massey poked his finger into Coomer's hernia, causing the injury that is the basis of this lawsuit. (ECF 76 at 4). Therefore, Coomer's cause of action accrued on May 24, 2016, and his two-year statute of limitations expired on May 24, 2018, unless tolling applies to extend his limitations date.

State law governs the tolling of the limitations period. *Walker*, 550 F.3d at 415. Texas "tolls

the running of the limitations period when a person is prevented from exercising a legal remedy by the pendency of legal proceedings." *Gartrell*, 981 F.2d at 257. This rule applies "where a state prisoner is required to exhaust state remedies before proceeding with a claim in federal court." *Id*. (citation omitted). Because Coomer is in custody of the TDCJ, "the TDCJ grievance procedures—which are laid out in Texas' Offender Orientation Handbook—govern." *Coomer v. Roth*, 2024 WL at *2 n.1, quoting *Williams v. Estelle Unit Prison Offs.*, 2024 WL 3026778, at *3 (5th Cir. June 17, 2024). The Handbook requires prisoners to file Step 1 and Step 2 grievances and have them addressed before filing suit. *See Ramirez v. Collier*, 595 U.S. 411, 421–22 (2022) (quoting TDCJ, Offender Orientation Handbook 73–75 (Feb. 2017)).

As noted above, Coomer's injury occurred on May 24, 2016, so his two-year statute of limitations began running at that time. The undisputed facts show that he filed his Step 1 grievance 15 days later, on June 8, 2016, which began the tolling period. (ECF 76 at 25). The undisputed facts further show that his Step 2 grievance was denied on August 9, 2016. (ECF 76 at 28). Therefore, the statute of limitations for Coomer's claim was tolled for 62 days (the total duration of the pendency of his grievance process). *See Coomer v. Doe*, No. 5:21-cv-213-BQ, 2022 WL 19228834 (N.D. Tex. May 25, 2022) ("[T]he time during which the limitations period is tolled is the time during which the grievance is pending, which is the time between the filing of the Step One grievance, and the date of the Step Two answer."). Adding 62 days to the May 24, 2016, accrual date means that Coomer must have filed suit on or before July 25, 2018.

The prison mailbox rule is well-settled. The rule, first explained in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), provides that a *pro se* inmate's notice of appeal is deemed filed on the date that the inmate gives the notice to prison authorities to be sent to the relevant court. In other words, the date upon which the prisoner places a legal document into the hands of prison

authorities for mailing is the operative date for filing purposes. This doctrine has been applied to several of type of prisoner filings, including Section 1983 complaints. *See, e.g., Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (holding that a *pro se* prisoner litigant's Section 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system); *see also Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (applying prison mailbox rule to habeas corpus petition).

Coomer dated his initial complaint, under penalty of perjury, on August 30, 2018. (ECF 3 at 8). The Clerk of Court docketed his complaint on September 5, 2018. Because the mailbox rule is clear that a prisoner's complaint is deemed filed when he places it in the hands of prison officials for mailing, Coomer is deemed to have filed his initial complaint on August 30, 2018, which is beyond the limitations period. As previously noted, to be timely, Coomer should have filed by July 25, 2018.

Coomer alleges that the tolling period ends not when the Step 2 grievance is resolved, but when he received notice that the Step 2 grievance was resolved. He states that he received notice on August 31, 2016, that his Step 2 grievance was denied; thus, he argues, the statute of limitations did not lapse until August 31, 2018, and his August 30, 2018, filing was timely. (ECF 76 at 5). In support of his argument, he cites TEX. GOV'T CODE 501.008 (d)(1) and (e)(2)(b), which state:

> (d) An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until:
>
> (1) the inmate receives a written decision issued by the highest authority provided for in the grievance system; or
>
> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed.
>
> (e) The limitations period applicable to a claim arising out of the same operative facts as a claim for which the grievance system provides the

7

exclusive remedy:

(1) is suspended on the filing of the grievance; and

(2) remains suspended until the earlier of the following dates:

(A) the 180th day after the date the grievance is filed; or

(B) **the date the inmate receives the written decision** described by Subsection (d)(1).

(emphasis added). However, Section 501.008 applies to claims "for relief against the department" that arise during incarceration. *See* Section 501.008(a). Because Coomer's claims against TDCJ and TTUHSC should be dismissed on sovereign immunity grounds, the sole remaining defendants are individuals, not "the department," *i.e.,* TDCJ. Further, even if Coomer were correct and the statute applies to end the tolling period at the date of receipt of the Step 2 denial, the additional time does not render Coomer's filing timely. He admits that he received notice on August 31, 2016, which means that the statute of limitations was tolled for 84 days, or until August 16, 2018. He filed his complaint 14 days late, even under his own argument.[1]

In any event, the Fifth Circuit previously rejected Coomer's position that the date of notice is the relevant date for limitations purposes. In *Anderson v. Livingston*, the plaintiff argued that he did not receive notice of the denial of his Step 2 grievance until seven days after it was denied. *Anderson*, 394 F. App'x 132 (5th Cir. 2010) (per curiam). As a result, he argued, the tolling period should extend to the date he received notice. *Id*. The Fifth Circuit disagreed, holding that the operable date for limitations purposes is the date that the Step 2 grievance is denied. "His claim

---

[1]Coomer mistakenly looks only at the calendar date to determine the end of the tolling period; however, this does not consider the time between the accrual date and the date he filed his Step 1 grievance, during which the statute of limitations ran before it was tolled by initiation of the grievance process. *See, e.g., Wagner v. Campuzano*, No. 1:12-cv-205-C, 2015 WL 12805601 (Mar. 3, 2015) (adding the number of days tolled to the date of accrual); *see also Coomer v. Roth*, 2024 WL at 2 ("He filed his Step 1 grievance on March 2, 2016, meaning limitations had run for one week before being tolled.").

was time-barred even if, as he alleges, he did not receive notice of the denial until 4 September 2007." *Id.*, citing *Phillips v. Donnelly*, 216 F.3d 508, 511 n. 3 (5th Cir. 2000) (holding that matter was no longer "pending" where it "was decided and settled, regardless of whether [appellant] had notice of the denial on that date"). Coomer makes no other argument for equitable tolling that could extend his filing deadline past August 16, 2018. Accordingly, because Coomer's original complaint was not timely filed, the undersigned recommends that it should be dismissed as barred by the statute of limitations.

RECOMMENDATION

For the reasons set forth above, the U.S. Magistrate Judge recommends that Defendants' Motion For Summary Judgment be GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 8, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the

fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).